UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ANTHONY REYNA, | Case No. 26-cv-00472-SVK |
| Plaintiff, | **ORDER ON PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| NISSAN NORTH AMERICA, INC., | **SCREENING ORDER PURSUANT TO 28 U.S.C. § 1915(e)** |
| Defendant. | **ORDER ON: (1) MOTION FOR EARLY CASE MANAGEMENT CONFERENCE; (2) MOTION FOR PROTECTIVE ORDER REGARDING COMMUNICATION; (3) MOTION TO CLARIFY SCOPE OF CLAIMS; (4) MOTION FOR JUDICIAL NOTICE; AND (5) MOTION TO CONFIRM PRESERVATION OF EVIDENCE** |
| | Re: Dkt. Nos. 1, 2, 4, 5, 6, 8, 9 |

Plaintiff Joseph Anthony Reyna, appearing pro se, filed a civil complaint (the "Complaint") and two applications for leave to proceed in forma pauperis ("IFP") seeking permission to proceed without paying ordinary court costs. Dkt. 1, 2, 4. The Complaint is not entirely clear about the events giving rise to this lawsuit, but it appears that: (1) Plaintiff experienced an alleged mechanical defect with his Nissan Rogue automobile, which prompted him to contact Defendant Nissan North America; (2) Plaintiff requested that all communications with Defendant occur in writing due to Plaintiff's "disability-related access needs and the necessity of accurate recordkeeping"; but (3) Defendant continued to contact Plaintiff my telephone and voicemail on various issues, "including calls associated with arbitration handling. *See* Dkt. 1 at 2-5.

This order is the Court's initial screening review for civil actions filed IFP, pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court (1) **GRANTS** Plaintiff's request to proceed in forma pauperis, and (2) finds that the Complaint fails to state a claim for relief and

therefore **ORDERS** Plaintiff to file a First Amended Complaint by **May 4, 2026**.  The Court also **DENIES** the following motions filed by Plaintiff **WITHOUT PREJUDICE** to his ability to seek such relief, if warranted, if he files a First Amended Complaint that addresses the deficiencies identified in this order:  motion for an early case management conference (attached to Dkt. 1); motion for protective order regarding communication (Dkt. 5); motion to clarify scope of claims (Dkt. 6); motion to confirm preservation of evidence (Dkt. 8); and motion for judicial notice (Dkt. 9).

## I.    IN FORMA PAUPERIS APPLICATION

If the Court is satisfied that an applicant cannot pay the requisite filing fees, the Court may grant an IFP application.  28 U.S.C. § 1915(a)(1).  After evaluating Plaintiff's IFP applications (Dkt. 2, 4), the Court finds that Plaintiff meets the financial eligibility requirement of 28 U.S.C. § 1915(a)(1) and therefore **GRANTS** Plaintiff's IFP applications.  Service of the Complaint will be suspended pending further order of the Court following resolution of the pleading issues discussed below.

## II.    SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A.    Legal Standard

District courts must screen civil actions filed in forma pauperis to ensure that the complaint states a claim, is not frivolous and does not seek monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 112–27 (9th Cir. 2000) (en banc).  A "frivolous" complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The Ninth Circuit has noted that § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Both Rule 12(b)(6) and § 1915(e)(2)(B) require a district court to dismiss a complaint that fails to state a claim upon which relief can be granted.

The plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Federal Rule of Civil Procedure 8(a) provides that a pleading must contain a "short and plain statement of the grounds for the

United States District Court
Northern District of California

court's jurisdiction" and a "short and plain statement of the claim showing that the pleader is entitled to relief." Although a plaintiff "does not need detailed factual allegations," a plaintiff must still provide enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. (citation omitted).

Pursuant to a section 1915 review, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted). In its review, the Court liberally construes pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### B.  Analysis

#### 1.  Subject matter jurisdiction

The Complaint invokes federal question jurisdiction under 28 U.S.C. § 1331 on the basis that this action arises under Title III of the Americans with Disabilities Act ("ADA"). Dkt. 1 at 3. Federal question jurisdiction exists when the case arises under the Constitution or laws of the United States. 28 U.S.C. § 1331. For the reasons discussed below, the Court finds that the Complaint fails to state a valid claim for relief under the ADA or any other authority that would give rise to federal question jurisdiction. As also discussed below, Court will give Plaintiff leave to amend the Complaint.

#### 2.  Claims for Relief

The Complaint seeks declaratory and injunctive relief compelling Defendant to communicate with Plaintiff only in writing and to preserve records relevant to Plaintiff's anticipated automotive defect claim. Dkt. 1 at 7-9. Plaintiff "does not seek adjudication of the underlying mechanical defect at this stage." Dkt. 1 at 2; *see also id.* ("Plaintiff has deliberately limited this filing to procedural access and preservation issues …"); *id.* at 6 (Plaintiff seeks "court intervention solely to obtain accessible information and confirmation of preservation obligations").

The Complaint purports to state four claims for relief:  (1) Violation of ADA Title III – Failure to Provide Effective Communication; (2) ADA Retaliation/Interference; (3) Declaratory Relief; and (4) Injunctive and Equitable Relief. Dkt. 1 at 6-7. The Court considers whether any of

United States District Court
Northern District of California

United States District Court
Northern District of California

this material states a claim to relief that is plausible on its face.

> **a.   Count 1:  Violation of ADA Title III – Failure to Provide Effective Communication**

Count I of the complaint for violation of ADA Title III cites 42 U.S.C. § 12182 and 28 C.F.R. § 36.303.  Dkt. 1 at 6.  42 U.S.C. § 12182 prevents discrimination against the disabled in places of public accommodation: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a).  "Discrimination" under the ADA encompasses the denial of the opportunity, by the disabled, to participate in programs or services, and providing the disabled with separate, but unequal, goods or services. *See* 42 U.S.C. § 12182(b)(1)(A)(i-iii).  To ensure that the disabled have full and equal enjoyment of the goods and services of places of public accommodation, the ADA requires "reasonable modification" of "policies, practices, and procedures," the provision of auxiliary aids to ensure effective communication with the disabled, and the removal of architectural and communications barriers. 42 U.S.C. § 12182(b)(2)(A)(ii-iv); *see also Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 951 (N.D. Cal. 2006).  The regulation cited in the Complaint, 28 C.F.R. § 36.303, identifies "auxiliary aids and services" that a public accommodation must provide under certain circumstances, including "appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities."  28 C.F.R. § 36.303(c).

The Complaint does not allege the elements of a claim for violation of the ADA.  Specifically, the Complaint does not contain facts showing that (1) Plaintiff is disabled within the meaning of the ADA, (2) Defendant is a private entity that owns, leases, or operates a "place of public accommodation," or (3) Plaintiff was discriminated against within the meaning of the ADA.  *See Gomez v. Gates Estates, Inc.*, No. C 21-7147-WHA, 2022 WL 458465, at *3 (N.D. Cal. Feb. 15, 2022).  For similar reasons, the Complaint does not contain facts showing that Plaintiff is entitled to auxiliary aids or services under 28 C.F.R. § 36.303 that Defendant has failed to provide.

////

4

United States District Court
Northern District of California

**b.    Count 2:  Violation of ADA Title III – Failure to Provide Effective Communication**

Count II of the complaint for ADA retaliation/interference cites 42 U.S.C. § 12203.  Dkt. 1 at 7.  Under the ADA, "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter."  42 U.S.C. § 12203(a).  "To establish a prima facie case of retaliation under the ADA, a plaintiff must show that: (1) he engaged in protected activity; (2) suffered an adverse ... action; and (3) there was a causal link between the two.  *Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003)); *see also West v. PBC Mgmt. LLC*, 754 F. Supp. 3d 914, 922 (N.D. Cal. 2024).

Although the Complaint states that Plaintiff made requests for accommodation, it does not identify any adverse action taken against him or facts showing a causal link between Plaintiff's protected activity and the action taken against Plaintiff.

**c.    Count 3:  Declaratory Relief**

Count III of the complaint seeks declaratory relief under 28 U.S.C. § 2201.  Dkt. 1 at 7.  Specifically, Plaintiff seeks a declaration that Defendant must:  (1) "honor written-only communication requests"; (2) "refrain from non-written contact absent express written consent"; and (3) "preserve relevant records upon notice of dispute."  *Id.* at 8.  For reasons similar to those discussed above in connection with Plaintiff's ADA claims, Plaintiff has not pleaded facts showing that he is entitled to declaratory relief requiring Defendant to communicate with him only in writing.  Similarly, Plaintiff has not pleaded facts showing that he is entitled to an evidence preservation order.  This issue is discussed in more detail in section VII below.

**d.    Count 4:  Injunctive and Equitable Relief**

Count IV of the complaint is not a substantive cause of action but instead contains a list of relief Plaintiff seeks.  For the reasons discussed above, Plaintiff has not pleaded facts showing a plausible case that he is entitled to such relief.

**3.    Screening order conclusion**

As discussed, the Court finds that the Complaint fails to state a claim for relief.  The Court will give Plaintiff an opportunity to address the deficiencies identified in this Order by filing a

5

First Amended Complaint by **May 4, 2026**

### III.    MOTION FOR EARLY CASE MANAGEMENT CONFERENCE

Attached to Plaintiff's complaint is a motion for early case management conference. Dkt. 1 at PDF pp. 16-19.  The motion is **DENIED**.  The Court also **VACATES** the Initial Case Management Conference currently scheduled for April 14, 2026. The Court will not set an Initial Case Management Conference until Plaintiff files a legally viable complaint, Defendant is served, and Defendant either appears or the time for it to do so following service has run.

### IV.    MOTION FOR PROTECTIVE ORDER REGARDING COMMUNICATION

Plaintiff filed a motion seeking a court order requiring that all communications related to this action occur in writing, absent express written consent. Dkt. 5.  To the extent Plaintiff's motion is a request that the Court communicate with him in writing, issuance of a protective order is not necessary.  The Court generally issues orders and communicates with Parties in writing.  If in the future the Court sets a hearing in this case, Plaintiff can request accommodation at that time.  To the extent Plaintiff seeks an order requiring Defendant to communicate with him in writing, for the reasons discussed in section II.B.2. above Plaintiff has not shown that he is entitled to such an order at this time.  Accordingly, Plaintiff's motion for protective order is **DENIED.** This denial is **WITHOUT PREJUDICE** to seek such an order in this case if warranted by future circumstances.

### V.    MOTION TO CLARIFY SCOPE OF CLAIMS

Plaintiff has filed a "motion to clarify scope of claims and relief."  Dkt. 6. Plaintiff seeks "an order clarifying the scope of this action"—specifically, clarification that he is seeking relief, including declaratory injunctive relief and relief under the ADA, and "does not assert claims for damages, product defect, warrant liability, or arbitration enforcement in this action." *Id.*  Plaintiff's motion to clarify scope of claims is **DENIED**.  If further clarification of Plaintiff's claims is necessary, Plaintiff himself may clarify the scope of his claims in the forthcoming First Amended Complaint.

### VI.    MOTION FOR JUDICIAL NOTICE

Plaintiff has filed a motion for judicial notice, asking the Court to take judicial notice pursuant to Federal Rule of Evidence 201 concerning his communications with Defendant and the absence of a substantive written response from Defendant.  Dkt. 9.  The motion for judicial notice

United States District Court
Northern District of California

is **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to request judicial notice, if appropriate, in connection with future proceedings in this case.

### VII.    MOTION FOR PRESERVATION OF EVIDENCE

Plaintiff has filed a "motion to confirm preservation of evidence." Dkt. 8. The motion cites no legal authority for a pre-complaint evidentiary order. However, Federal Rule of Civil Procedure 27 authorizes courts to order preservation of evidence prior to the filing of a complaint in limited circumstances. *See Reyna v. Credit Karma, LLC,* N.D. Cal. Case No. 26-cv-00190-JST, at Dkt. 6 p. 2. "Under Rule 27, a petitioner seeking preservation of evidence must show, among other things, 'that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought' and 'the facts that the petitioner wants to establish by the proposed [evidence] and the reasons to perpetuate it.'" *Id.* (citing Fed. R. Civ. P. 27(a)(1) and *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 56 (9th Cir. 1961)). "Courts have held that the requirements of Rule 27(a) have been met where an individual seeking discovery . . . presents evidence that there is a 'significant risk' that the evidence will be lost if it is not perpetuated." *Reyna,* Dkt. 6 at p. 3 (citing *Tennison v. Henry*, 203 F.R.D. 435, 440 (N.D. Cal. 2001) and *Calderon v. U.S. Dist. Ct. for N. Dist. of California*, 144 F.3d 618, 622 (9th Cir. 1998)).

Plaintiff cannot invoke Rule 27 because he has not shown why he is unable to bring his complaint at this time. He has also not shown why he needs the evidence he seeks, how it would support his claims, or why he believes that the evidence will be lost unless a preservation order issues. Accordingly, Plaintiff's motion for preservation of evidence is **DENIED WITHOUT PREJUDICE**.

### VIII.    CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

1. Even measured by the liberal standards accorded pro se litigants, Plaintiff's complaint fails to state a cause of action for violation of federal law that would establish a basis for federal subject matter jurisdiction over this case. *See* Fed. R. Civ. P. 8(a)(1), 12(b)(6). When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to

United States District Court
Northern District of California

7

United States District Court
Northern District of California

amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.  The Court grants Plaintiff **LEAVE TO AMEND** to attempt to address the deficiencies identified in this order**.**  Plaintiff's First Amended Complaint is due by **May 4, 2026.**  If Plaintiff does not file a First Amended Complaint by the deadline, then the Court will issue an order reassigning the case to a District Judge with a recommendation that the case be dismissed.

2. The following motions are **DENIED WITHOUT PREJUDICE**:  Plaintiff's motion for an early case management conference (attached to Dkt. 1); motion for protective order regarding communication (Dkt. 5); motion to clarify scope of claims (Dkt. 6); motion to confirm preservation of evidence (Dkt. 8); and motion for judicial notice (Dkt. 9).

3. Plaintiff **MAY NOT** file any additional motions prior to filing a First Amended Complaint.

4. The Initial Case Management Conference currently scheduled for April 14, 2026 is **VACATED**, to be reset by the Court after Plaintiff files a legally viable complaint.

The Court informs Plaintiff that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the United States Courthouse in San Jose (Monday to Thursday 9:00 a.m.–4:00 p.m.) or by calling (408) 297-1480.  In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from https://cand.uscourts.gov/pro-se-handbook/ or obtained from the Clerk's Office.

**SO ORDERED.**

Dated: April 2, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

8